**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Donald Fay Russell,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-14-1877-PHX-JJT (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

# I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Application in Support (Doc. 3) on August 22, 2014.  On January 23, 2015, Respondents filed their Limited Response (Doc. 17).  Petitioner filed a Reply on February 17, 2015 (Doc. 21).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

# II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

## A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On November 21, 1994, Petitioner was indicted in Maricopa County Superior Court in a 19 count Indictment (Exhibit C) on charges involving various sexual misconduct with children. (Exhibits to the Answer, Doc. 17, are referenced herein as "Exhibit ___.")   Petitioner eventually entered in to a written Plea Agreement, and

1

entered a plea of guilty. (Exhibit E, M.E. 10/4/95.) On October 4, 1994, Petitioner was sentenced to: (1) a 25 year sentence on a count of sexual conduct with a minor; (2) a consecutive five year sentence on an amended count of attempted molestation of a child; and (3) lifetime probation on a count of attempted sexual abuse. (Exhibit F, Sentence 10/4/95.)

On April 22, 2002, the Probation Officer filed a "Memo to the Court" (Exhibit G) pointing out that contrary to the written sentencing minute entry, the Conditions of Probation listed the start date of Petitioner's probation as the date of sentencing. On April 11, 2002, the Trial Court amended *nunc pro tunc* the written sentencing minute entry to reflect that probation was to commence upon Petitioner's release on the other counts, waiving community supervision on those counts, and affirming the minute entry in all other respects. (Exhibit H, M.E. 4/11/2.)

### B. PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2.)

Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

### C. PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR Proceeding** – On February 4, 2005 (almost three years after amendment of the sentence), Petitioner commenced his first PCR proceeding by filing a Notice of Post-Conviction Relief (Exhibit I), along with a Motion for Jurisdiction (Exhibit J), a Petition for Post-Conviction Relief (Exhibit K), and a "Petition" (Exhibit L). As part of those filings, Petitioner sought to excuse his late filing by asserting fear that had he sought relief sooner, state employees would have subjected him to beatings by other prisoners, loss of his records, limited legal resources, ineffectiveness of prison paralegals, and Petitioner's limited legal skills. On March 14, 2005, the PCR Court

concluded that the allegations of fear were unsupported, but the other reasons for delay might provide justification for his delay, but that his claims were without merit. (Exhibit M, M.E. 3/4/15.) Petitioner filed a Motion for Reconsideration (Exhibit N), which was denied on April 7, 2015 (Exhibit O, M.E. 4/7/5).

**Second PCR Proceeding** – Over 15 months later, on July 20, 2006, Petitioner commenced his second PCR proceeding by filing a PCR Notice (Exhibit P), Petition (Exhibit Q), Motion to Vacate (Exhibit R), Motion for Delay (Exhibit S), and "Habeas" (Exhibit T). On August 10, 2006, the PCR court dismissed the Petition and related filings, finding his justifications for delay were unfounded, and that his claims had been previously raised and rejected. (Exhibit U, M.E. 8/10/6.) Petitioner then filed motions for reconsideration (Exhibits V and W), which were denied. (Exhibits X, M.E. 9/11/6, and Y, M.E. 9/13/6.)

Petitioner then filed a Petition for Review by the Arizona Court of Appeals (Exhibit Z), which was denied on October 2, 2007 (Exhibit AA).

Petitioner then filed a Petition for Review by the Arizona Supreme Court (Exhibit BB), which was denied on February 21, 2008 (Exhibit CC).

**Third PCR Proceeding** – Over three months later, on July 24, 2007, Petitioner commenced his third PCR proceeding by filing a PCR Notice (Exhibit DD) and Petition (Exhibit EE). On August 15, 2008, the PCR court dismissed the Petition, finding the petition untimely. (Exhibit FF M.E. 8/15/8.) Petitioner then filed a motion for reconsideration (Exhibit GG), which was denied on September 10, 2008. (Exhibit HH, M.E. 9/10/8.)

**Fourth PCR Proceeding** – Over 40 months later, on January 17, 2012, Petitioner commenced his fourth PCR proceeding by filing a PCR Notice (Exhibit II). On February 1, 2012, the PCR court dismissed the proceeding, finding the proceeding untimely and successive. (Exhibit JJ M.E. 2/1/12.) Petitioner then filed a motion for reconsideration (Exhibit KK), which was denied on June 4, 2012. (Exhibit NN, M.E. 6/4/12.)

**Fifth PCR Proceeding** – In the meantime, on May 22, 2012, Petitioner commenced his fifth PCR proceeding by filing a PCR Petition (Exhibit LL). On May 29, 2012, the PCR court dismissed the Petition, finding the Petition untimely and successive. (Exhibit MM M.E. 5/29/12.) Petitioner then filed a motion for reconsideration (Exhibit OO), which was denied on July 5, 2012. (Exhibit PP, M.E. 7/5/12.)

Petitioner then filed a Petition for Review by the Arizona Court of Appeals (Exhibit QQ), which was denied on October 3, 2013 (Exhibit RR).

## D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** – Over ten months later, Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 22, 2014 (Doc. 1). Petitioner's Petition asserts the following four grounds for relief:

> In Ground One, Petitioner alleges a claim for ineffective assistance of counsel. In Ground Two, Petitioner alleges he was not provided copies of his court records and transcripts. In Ground Three, Petitioner alleges that he "was denied the right to be informed of the charges against him." In Ground Four, Petitioner alleges that the sentence he received constitutes cruel and unusual punishment in violation of the Eighth Amendment.

(Order 10/30/14, Doc. 10 at 2.) Along with his Petition, Petitioner filed an Application in Support (Doc. 3) in which he argues the merits of his claims and appends various state court records.

In the Service Order, the Court observed that Ground Two failed to assert a cognizable claim, and dismissed it. A response to Grounds One, Three, and Four was required.

**Response** - On January 23, 2015, Respondents filed their "Limited Answer" (Doc. 17). Respondents argue that the Petition is untimely, and barred by the habeas statute of limitations, and Petitioner's state remedies on his claims are procedurally defaulted and thus his claims are barred from habeas review.

**Reply** - On February 17, 2015, Petitioner filed a Reply (Doc. 21). Petitioner

4

argues that: (1) the state court found questions of fact whether Petitioner had been prevented from timely filing; and (2) any procedural default should be excused because of ineffective assistance of his PCR counsel.

### III. APPLICATION OF LAW TO FACTS

**A. TIMELINESS**

**1. One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**2. Commencement of Limitations Period**

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner's original sentence was entered on October 4, 1995. Ordinarily, therefore, Petitioner had through January 2, 1996 to bring his of-right PCR petition.

However, state prisoners whose convictions became final before the effective date of AEDPA "are entitled to a one-year grace period, beginning on April 24, 1996, in which to file their petitions." *Patterson v.Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The grace period expires on the anniversary of AEDPA's enactment, April 24, 1997. *Id.*

Thus, Petitioner had at least through April 24, 1997 to commence his federal habeas proceeding. Respondents contend this was the commencement of Petitioner's one year limitations period.

However, in *Burton v. Stewart*, 549 U.S 147 (2007), the Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Id.* at 799 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). *See also Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007) (holding re-sentencing judgment is relevant one, even if challenge is directed only to earlier conviction). Here, Petitioner was arguably "resentenced" on April 11, 2002, when the trial court amended its sentencing minute entry. (*See* Exhibit H, M.E. 4/11/2.) It is that amended sentence under which Petitioner is now restrained.

Because the parties have not addressed this issue, it is not clear whether Petitioner had, after such resentencing, a new opportunity to bring an of-right PCR petition. The undersigned has found no authority addressing this situation. Because it does not affect the outcome, the undersigned assumes (in Petitioner's favor) that upon issuance of the order amending the sentence, Petitioner had an opportunity for a new of-right PCR proceeding. Thus, his conviction would have become final upon the expiration of the time for such proceeding, on July 10, 2002.

Moreover, in disposing of Petitioner's first PCR proceeding, the PCR court did not reject it as being untimely filed. (*See* Exhibit M, M.E. 3/14/5.) Arguably, therefore,

1   the proceeding may have been a timely of-right proceeding, with the result that
2   Petitioner's conviction would not have become final until the expiration of Petitioner's
3   time to seek further review.  Under Arizona Rule of Criminal Procedure 32.9(a) a PCR
4   petitioner has fifteen days to move for a rehearing on his Petition.   Petitioner did so.
5   (*See* Exhibit N, Mot. Reconsider.)  Under Arizona Rule of Criminal Procedure 32.9(c), a
6   PCR petitioner has thirty days after the denial of a motion for rehearing to seek review in
7   the Arizona Court of Appeals.  Petitioner's motion for reconsideration was denied on
8   April 7, 2005.

9   Further, Arizona applies Arizona Rule of Criminal Procedure 1.3 to extend "the
10  time to file an appeal by five days when the order appealed from has been mailed to the
11  interested party and commences to run on the date the clerk mails the order."  *State v.*
12  *Zuniga*, 163 Ariz. 105, 106, 786 P.2d 956, 957 (1990).  However, that rule does not
13  apply to in-court rulings.  "We again stress that in most criminal cases, the defendant and
14  counsel for both sides will be present in court when the appealed order, judgment, or
15  sentence is entered and that in this opinion we deal only with cases in which notice is, in
16  fact, given by mail." *Id*. at 957, n. 2.   This rule has been extended to post-conviction
17  relief proceedings.  *See State v. Goracke*, 210 Ariz. 20, 21 n.1, 106 P.3d 1035, 1036 n.1
18  (Ct. App. Div. 12005).  *See also State v. Brock,* 163 Ariz. 523, 526, 789 P.2d 390, 393
19  (Ct. App. Div. 1 1989) (supplemental opinion), *aff'd*, 165 Ariz. 296, 798 P.2d 1305
20  (1990) (applying to PCR motion for reconsideration of appellate court ruling).

21  Accordingly, Petitioner would have had 35 days, through May 12, 2005, to file a
22  petition for review in his first PCR proceeding.  Because it does not affect the outcome,
23  the undersigned presumes (in Petitioner's favor) that his time for review on his amended
24  sentence did not expire until that date, and this one year habeas limitations period
25  commenced running thereafter.

26  **New Constitutional Right** – In his Application in Support, Petitioner raises a
27  number of constitutional decisions issued after his conviction became final.  In arguing
28  his Ground 1 (ineffective assistance) he relies on *Missouri v. Frye*, - - U.S. - - , 132 S. Ct.

7

1339 (2012), and *Lafler v. Cooper*, - - U.S. - - , 132 S. Ct. 1376 (2012), (Doc. 3 at Mot. Applic. at 3.) In arguing his Ground 3 (notice of charges), he relies upon *Blakely v. Washington*, 542 U.S. 296 (2004) (*Id.* at 21, 24.)

The habeas limitations statue provides a later commencement date of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

None of the recent U.S. Supreme Court cases relied upon by Petitioner qualify under § 2244(d)(1)(C) to delay the commencement of his limitations period.

*Frye* nor *Lafler* applied the prejudice prong of the Sixth Amendment right to effective assistance of counsel in the plea-bargaining context where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial. Neither case "decided a new rule of constitutional law," but instead were an "application of an established rule to the underlying facts." *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012).

*Blakely* has not been made retroactively applicable on collateral review. *See Cook v. U.S.,* 386 F.3d 949, 950 (9th Cir. 2004). Moreover, *Blakely* was decided on June 24, 2004, *before* the date adopted hereinabove on which his limitations period began to run on the basis of the finality of his conviction.

Thus, the finality of Petitioner's conviction remains the proper commencement date for his habeas limitations period.

**Conclusion re Commencement** – Based upon foregoing, the undersigned assumes that Petitioner's one year began running no later than May 13, 2005, and without any tolling expired one year later on May 12, 2006, making his August 22, 2014 Petition over eight years delinquent.[2]

---

[2] Petitioner's habeas Petition appears to be dated August 25, 2014. (Petition, Doc. 1 at 11.) There is nothing in the record to suggest that Petitioner delivered it to prison officials for mailing anytime sooner than its filing date of August 22, 2014.

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This provision only applies to state proceedings, not to federal proceedings.  *Duncan v. Walker*, 533 U.S. 167 (2001).

Petitioner's limitations period expired no later than May 12, 2006.  Petitioner's next PCR proceeding, his second was not commenced until July 20, 2006, over two months afterwards, when he filed his second PCR Notice (Exhibit P).[3]  Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).   Accordingly, Petitioner has no statutory tolling resulting from his second PCR proceeding, or from his third, fourth, or fifth PCR proceedings.

Consequently, Petitioner's habeas petition was over eight years delinquent.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the

---

[3] It is true that Petitioner's first PCR notice was dated July 17, 2006. (Exhibit P at 3.) Arguably, it might be deemed filed for purposes of the habeas limitations period as of that date. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court").  The difference of three days would not make a difference.

extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner seeks to excuse his delinquency by referencing his *pro se* untrained status, and the restraints on his liberty, counsel's failure to file a PCR notice or to advise him of the AEDPA's time limitations. (Petition, Doc. 1 at 12.)

**<u>Pro Se Status</u>** - "It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir. 2006). A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). *See also Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**<u>Restraints on Liberty</u>** – Similarly, the routine restraints on liberty applicable to virtually every prisoner cannot be deemed an "extraordinary circumstance." By definition, a habeas petitioner is a prisoner with constraints on their liberty. Petitioner points to nothing exceptional about the constraints placed on him while his limitations period was expiring.

**<u>Ineffective Assistance of Counsel</u>** – Petitioner complains that counsel failed to file a PCR notice and to advise Petitioner about the AEDPA statute of limitations. Although an attorney's behavior can establish the extraordinary circumstances required

for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland v. Florida*, 560 U.S. 631, 651-652 (2010). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id.*

Moreover, an unadorned failure to advise about a limitations period would, at best, be simple negligence. *Cf. Spitsyn v. Moore,* 345 F.3d 796, 801 (9th Cir. 2003) (allowing equitable tolling where petitioner's counsel was hired almost a year in advance, failed to do anything to prepare the petition or to respond to numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired); *Holland*, *supra* (discussing potential for finding of extraordinary circumstances where counsel misinformed petitioner about filing deadline, failed to communicate conclusion of state appeals, and failed to communicate with petitioner at all over a period of years, all despite repeated requests by petitioner).

Petitioner proffers nothing more than garden variety attorney negligence.

Moreover, under the presumptions adopted hereinabove in Petitioner's favor, the time during which Petition would have been awaiting counsel to file his PCR notice (the time prior to his first PCR notice) has not been counted against Petitioner. Thus, any failing by counseling in filing such a notice would not have affected the timeliness of Petitioner's habeas petition.

**Delays in First PCR Proceeding** – In his Reply, Petitioner argues that the state court found questions of fact whether Petitioner had been prevented from timely filing his first PCR proceeding. (Doc. 21 at 1.) Assuming there were extraordinary circumstances that preclude an earlier filing of Petitioner's first PCR petition, those would not render Petitioner's habeas petition timely. Under the assumptions made in Petitioner's favor hereinabove, Petitioner's habeas limitations period did not begin to run until after that first PCR proceeding was commenced, and concluded. Thus, any delays

11

arising prior thereto would be irrelevant to the timeliness of his habeas petition.

**Refusal to Provide Transcripts** – In the dismissed Ground Two of the Petition, Petitioner complains that the trial court has refused to provide him a complete transcript of his trial. (Petition, Doc. 1 at 8.) The lack of a transcript might have explained delays in Petitioner proceeding on his first PCR proceeding. Bus as discussed hereinabove, those delays are irrelevant under the assumptions adopted herein. Moreover, Petitioner fails to explain how the lack of transcript let him to delay some 8 years, including gaps of a year between his first and second PCR proceeding, five months between his second and third proceeding, over three years between his third and fourth PCR proceeding, and over 10 months between his fifth PCR Proceeding and the instant habeas proceeding.

Nor, assuming transcripts were necessary to filing his habeas petition, does Petitioner proffer anything to show his diligence in obtaining them throughout the passing years.

**Conclusion** - Based upon the foregoing, the undersigned finds no basis for equitable tolling.

**5. Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding. Nor do his claims make any suggestion of actual innocence, but instead rely upon ineffective assistance, procedural irregularities, and a cruel and unusual sentence.

### 6. Summary re Statute of Limitations

Taking into account all arguable bases to extend the commencement of the habeas limitations period, and all available statutory tolling, Petitioner's one year habeas limitations period commenced running no later than May 13, 2005, and expired no later than May 12, 2006, making his August, 22, 2014 Petition over 8 years delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

### B. OTHER DEFENSES

Because the undersigned finds the Petition plainly barred by the statute of limitations, Respondents' other defenses are not reached.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed August 22, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

//

//

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: June 4, 2015

14-1877r RR 15 05 20 on HC.docx

James F. Metcalf
United States Magistrate Judge