NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Fay Russell,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-01877-PHX-JJT<br><br>**ORDER** |

At issue is Petitioner Donald Fay Russell's Petition for Writ of Habeas Corpus (Doc. 1), filed August 22, 2014. Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") in the matter on June 4, 2015 (Doc. 22), to which Petitioner filed an Objection on July 29, 2015 (Doc. 27). Also at issue is Petitioner's Motion to Expand the Record and Discovery and Motion to Appoint Counsel (Doc. 26), filed July 17, 2015. For the reasons set forth in the R&R, this Court will deny the Petition and the Motion.

In the R&R, Judge Metcalf thoroughly and correctly analyzed the issues involved in the instant Petition, and because this Court will adopt and incorporate the recommendations set forth in the R&R as well as the reasoning behind those recommendations, it will not re-chronicle them here in detail. In summary, evaluation of the Petition requires a straightforward application of the time limitations imposed on a habeas petition under 28 U.S.C §2241 et seq. (AEDPA). Here, identifying the operative dates of Petitioner's conviction in the underlying matter, the finality of that judgment,

1  and the various filings seeking state post-conviction review in state court and habeas
2  review here—yields the conclusion that the Petition is untimely, by several years. This is
3  so even after Judge Metcalf assumed, for purposes of argument, that the state trial court's
4  *nunc pro tunc* order of April 11, 2002, amending its original minute entry from the
5  October 4, 1995, sentencing proceeding, constituted a resentencing which entitled
6  Petitioner to a new clock for purposes of seeking post-conviction relief and federal
7  habeas review.[1] As Judge Metcalf set forth in the R&R, even if Petitioner was
8  "resentenced" on April 11, 2002, the time for a new of-right PCR proceeding would have
9  run and his conviction would have become final July 10, 2002. At that point the one-year
10 period for seeking federal habeas review would have commenced, yielding a deadline of
11 July 10, 2003, for filing his habeas petition. Petitioner did not file his petition until
12 August 22, 2014, almost 11 years later.

13 Judge Metcalf could have stopped there and correctly recommended that this
14 Court deny the Petition for untimeliness, but he did not. Because the Arizona State
15 courts accepted Petitioner's first Notice of Post Conviction Relief even though it was
16 filed long after the July 10, 2002 cutoff, on February 4, 2005, Judge Metcalf *arguendo*
17 treated the first PCR as a timely of-right proceeding. This extended the time for
18 Petitioner to seek review and to file his habeas petition. The PCR court denied his
19 petition on March 14, 2005, and per Arizona Rule of Criminal Procedure 32.9, Petitioner
20 had 15 days to seek reconsideration. He did so and the PCR court denied it April 7,
21 2005.

22 Under the most permissive interpretation of the facts as applied to the Arizona
23 Rules of Criminal Procedure, Petitioner would have had 35 days after denial of
24 reconsideration by the PCR court, or until May 12, 2005, to file a petition for review of

---

[1] In his R&R, Judge Metcalf gave Petitioner every benefit of doubt, stating that "Petitioner was arguably 'resentenced' on April 11, 2002 when the trial court amended its sentencing minute entry." (Doc. 22 at 6.) He did not conclude that Petitioner was in fact resentenced on that date, and this Court would not so conclude if it had to reach this issue, as set forth below. But this Court need not reach a determination as to whether the state trial court's amendment of its minute entry constitutes resentencing for habeas purposes, as it does not affect the outcome.

that PCR proceeding. Again, Judge Metcalf presumed this most forgiving date as the date from which Petitioner's time to file for federal habeas review began to run. The federal habeas cutoff date for Petitioner, then, even under the most generous construction of all events, would have been May 12, 2006. Petitioner did not file until over eight years later, on August 22, 2014. The Court also adopts the R&R's conclusions that Petitioner failed to show any applicable statutory tolling or any grounds to justify equitable tolling. The Court thus concludes the Petition is untimely and must be dismissed.

In his Objection, Petitioner argues that his "resentencing" in April 2002 resulted in a violation of due process because at that time he was entitled to be advised 1) of his right to appeal the conviction and sentence; and 2) of his right to seek PCR review after the resentencing and of the deadline for so seeking that review. None of these arguments persuade the Court. First, Petitioner knowingly and voluntarily waived his right to direct appeal in this matter, as acknowledged in his plea agreement and his plea colloquy (Doc. 26 at 12-13). Thus, if Petitioner was in fact "resentenced," his waiver of appeal is intact and applicable to any resentencing as it was to his original sentencing.

Second, if Petitioner was in fact resentenced in April 2002, he is correct that he would have been entitled at that time to advice of his right to seek PCR review and of the deadline for doing so, as he never waived that right in his plea agreement. But any failure on the state sentencing court's part to so advise Petitioner was rendered harmless by the PCR court's acceptance and consideration on the merits of his first PCR petition in February 2005. It was rendered further harmless by Judge Metcalf's presumption, for purposes of calculating the time limitation for Petitioner's habeas petition, that the first PCR petition was timely and that Petitioner was due all subsequent time for seeking rehearing on denial of that petition, state appellate review of those proceedings, and then the one year thereafter to file for federal habeas review.

Finally, all of the above assumes Petitioner was in fact resentenced in April 2002, resulting in his limitations on filing for habeas review running approximately ten years longer than they otherwise would have. Were it necessary for this Court to decide

1     whether the state sentencing court's April 2002 amendment of its minute entry in fact
2     constituted a resentencing, it would decide that question in the negative.  Defendant
3     acknowledged at his plea colloquy in October 1995 that under the terms of the plea
4     agreement, he would be sentenced to five years imprisonment on Count III, 25 years on
5     Count VII, terms to run consecutively, "and that you will be placed on lifetime probation
6     on Count XIX." (Doc. 26 at 11.)  The minute entry after that hearing stated that "lifetime
7     probation is appropriate as to Count XIX." (Doc. 17 Exh. F at 2.)  At the time Petitioner
8     entered his guilty plea and at the time of his sentencing, then, Petitioner knew and
9     understood that sentence included a term of lifetime supervision.

10         In April 2002, the state probation department alerted the sentencing court that the
11    conditions of probation erroneously listed the start date of Petitioner's probation as the
12    date of sentencing, rather than his date of release.  The sentencing court *nunc pro tunc*
13    amended the minutes "to reflect Probation as to Count XIX shall commence upon
14    Defendant's physical release from D.O.C." (Doc. 17 Exh. G at 1.)  The amendment
15    merely stated with specificity what the original minute entry stated.  It did not change the
16    terms of Petitioner's sentence in any way.  Whether probation commenced on the date of
17    his sentence—a practically wasteful but legally allowable outcome—or whether it
18    commenced on the day of his release, the effect was identical to Petitioner—he would be
19    on probation for the rest of his life.  This was not a resentencing, and it certainly did not
20    prejudice Petitioner in any way.

21         In light of the foregoing, Petitioner's motion to supplement the record and for
22    discovery is futile and the Court will deny it for that reason.  Moreover, his motion for
23    appointment of counsel is not well taken.

24         **IT IS ORDERED** adopting Magistrate Judge Metcalf's R&R in its entirety and
25    incorporating same into this Order (Doc. 22).

26         **IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus
27    pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

28

1    **IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plane procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** denying Petitioner's Motion to Expand the Record and Discovery and Motion to Appoint Counsel (Doc. 26)

Dated this 2nd day of September, 2015.

_____
Honorable John J. Tuchi
United States District Judge